### McCULLUM *a.* McCLARE.

*New York Common Pleas; General Term, May,* 1856.

PRACTICE IN MARINE COURT.—INQUEST.—JUDGMENT.

An inquest taken in the Marine Court having been set aside and the cause placed
on the calendar, the defendant failed to appear on the trial ; whereupon the jus-
tice, by order, without proof, directed that the former judgment should stand.
*Held,* error. The justice should have taken the plaintiff's proofs, and rendered a
fresh judgment.

Appeal from a judgment of the Marine Court.

BRADY, J.—An inquest having been taken in this action in
the Marine Court, whether properly or not, it was, on the
defendant's application, set aside, and the cause ordered to be
placed on the calendar for February 20, 1856. It was not
placed on the calendar on that day ; and on February 23, 1856,
from assurances of the plaintiff's counsel, that the cause *then*
on the calendar was properly there, and the defendant not
appearing, the justice, by order, without proof, directed that
the judgment before taken, and which was set aside, should
stand, with twelve dollars costs.

The judgment must be reversed, for two reasons, one of
which is that there was no adjournment from the twentieth to
the twenty-third of February, and the justice lost jurisdiction.
The other is, that if the adjournment had been regular, the jus-
tice had no power to render judgment in the manner adopted.
He should have heard the proofs and allegations of the plain-
tiff. When a judgment is set aside absolutely in any court,
whether of record or limited jurisdiction, and the cause is
thereafter continued, the plaintiff must prove his case in the

usual way. A judgment once vacated is always vacated, and the defendant stands, in reference thereto, as if no action has been prosecuted against him.

Judgment reversed.

## NORRIS *a.* BLEAKLEY.

*New York Common Pleas ; General Term, May,* 1856.

Justice's Court.—Adjournment.—Nonsuit.

In an action in a justice's court, after the defendant had commenced his proofs, the cause was adjourned by consent. On the adjourned day the plaintiff failed to appear ; the justice however proceeded with the cause, and rendered judgment in favor of defendant upon his counter-claim. *Held,* that the justice erred in proceeding with the action.

The only judgment proper in such case, is judgment of nonsuit or dismissal.

On appeal from a justice's judgment, the Common Pleas have no power to preserve the testimony of a witness taken on the trial, although such witness has left the State and his testimony cannot be procured upon a new trial.

Appeal from a justice's judgment.

Brady, J.—The plaintiff having rested his case in the court below, the defendant commenced his defence, and before his proofs were completed the cause was adjourned by consent until March 6, 1855. The defendant had pleaded payment and a counter-claim among his defences, and on March 6, to which the cause had been adjourned, the plaintiff did not appear. The defendant, nevertheless, proceeded with his proofs, and the justice rendered judgment in his favor for $25.

Prior to the Code of Procedure, and down to the adoption of Rule 47 of the late Supreme Court in 1845, if, the jury having retired to consider upon their verdict, the plaintiff did not answer when they returned to the bar to render it, the judgment of the court was that of nonsuit. (1 *Burrill's S. C. Pr.* and cases cited. Gale *v.* Hoystadt, 7 *Hill*, 179). But the result of the plaintiff's not appearing on the day to which the cause was adjourned was the same, notwithstanding Rule 47 of the Supreme Court above referred to, which did