### BARKIN v. ROSENBACH.

(Supreme Court, Appellate Term. January 23, 1899.)

VACATION OF JUDGMENT—OPENING DEFAULT.

Where a judgment by default on defendant's counterclaim has been opened, and a day set for trial, at which plaintiff again fails to appear, an order vacating the judgment opening the default, and restoring the previous judgment, without fresh proofs, is erroneous.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Samuel Barkin against David Rosenbach. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. A. Seidman, for plaintiff.
A. E. Hageman, for defendant.

PER CURIAM. On October 3, 1898, the defendant obtained, on the default of plaintiff, a judgment dismissing the complaint, and giving defendant affirmative relief on his counterclaim in the sum of $60 and costs. On the following day, as appears from the return, a disposition of the case was made as follows, viz.:

"The above case being called to-day, on the regular call of the calendar, on a motion to open the default, the attorney for the defendant consents to the opening of the default, and both sides agree to go to trial to-day; the counsel for the plaintiff answering 'Ready for trial.' The case being called for trial in the regular order of business of the court, the plaintiff fails to answer 'Ready for trial,' and the defendant again answers 'Ready.' The court thereupon orders that the opening of the default of this morning be vacated, and that the judgment, as taken yesterday, stand."

This ruling was irregular, and the judgment cannot stand. The justice should have taken fresh proofs as to the counterclaim, and rendered a fresh judgment. The judgment, having been set aside,

could not be revived.   See McCollum v. McClave, 1 Hilt. 140, 3 Abb. Prac. 106.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

