FARBER v. FLAUMAN et al.

(Supreme Court, Appellate Term. February 23, 1900.)

1. COSTS—PAYMENT—STAY.
Nonpayment of costs imposed as a condition of an adjournment sought by a defendant does not impair his right to take part in the trial on the adjourned day.

2. SAME.
Code Civ. Proc. § 779, providing for staying proceedings of a party defaulting in payment of costs, has no application to the municipal court of New York City.

3. SAME.
Motion costs granted to a party in the municipal court should be included in his judgment or set off against the costs of the successful party.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Dorothy Farber, an infant, by her guardian ad litem, against Samuel Flauman and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Moses Feltenstein, for appellants.
I. A. Hourwich, for respondent.

O'GORMAN, J. The trial justice had an undoubted right to impose the costs in question as a condition of the adjournment sought by the defendant (Consol. Act, subd. 3, § 1420, as amended by Laws 1894, c. 750), but the nonpayment of these costs did not deprive the defendant of the right to take part in the trial on the adjourned day. Section 779 of the Code of Civil Procedure, providing for the staying of proceedings of the party defaulting in the payment of costs, has no application to the municipal court. Even where that section is applicable, the nonpayment of costs never impairs the defensive rights of a party. Randell v. Abrisqueta, 20 Abb. N. C. 292. The stay mentioned in section 779 of the Code is intended only to prevent an onward movement in the action by the party who owes costs of motion. When the plaintiff moved his case for trial on the adjourned day, the defendant should have been permitted to participate therein, and introduce his proofs. Where motion costs are granted in the municipal court, they are to be included in the judgment if the party is successful, or offset against the costs of the successful party if the party entitled to the costs should be finally defeated.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.