GREENBERG v. LAEOV.

(Supreme Court, Appellate Term. November 18, 1903.)

1. ORDERS—ENTERING AND SERVING.

Defendant, against whom a default judgment had been taken in the Municipal Court, cannot complain that an order on his motion opening the default was not entered and served upon him.

2. LABORERS—DOMESTIC—WAGES—EXECUTION AGAINST PERSON.

Under Municipal Court Act, § 274 (Laws 1902, p. 1569, c. 580), providing that in an action in the Municipal Court by a journeyman, laborer, or other employé whose employment answers to the general description of wage earners for services rendered, the clerk must issue an execution against the person of the defendant, a female domestic servant who has recovered judgment for services is entitled to execution against the person.

3. OPENING DEFAULT—SECOND DEFAULT—INQUEST.

A motion to open a default judgment was granted on payment to plaintiff's attorney of a certain sum as costs, and that the action proceed on a certain date. On this date defendant did not appear, and did not comply

with the condition by paying costs, and another default judgment was rendered for plaintiff's claim plus the costs. *Held*, that the second judgment was not objectionable on the ground that no new inquest was taken.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Lena Greenberg against Joseph Laeov. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

John Bogart, for appellant.
Louis Lande, for respondent.

BLANCHARD, J.   The plaintiff sued defendant in the Municipal Court to recover the sum of $20 for work, labor, and services as a female domestic.   The summons in the action was returned on the 20th day of March, 1903, and the defendant not appearing, and no answer being interposed, judgment was taken by default for the sum mentioned.   The same day, on the application of the defendant, the court made an order directing the plaintiff or her attorney to show cause why the default should not be opened.   This order was returnable March 30, 1903, and provided for a stay of plaintiff's proceedings meanwhile.   The motion was heard, and on March 31, 1903, the court made an order granting the motion to open the default upon payment to the plaintiff's attorney on or before April 1, 1903, of the sum of $5 as costs, and the trial of the action to proceed on April 3, 1903, otherwise the motion was denied, with $5 costs, and the stay vacated.   On the 3d of April, 1903, the defendant did not appear, nor did he comply with the condition by paying the costs, and again his default was taken.   On the same day another order was granted directing the plaintiff or her attorney to show cause why the second default should not be opened.   On the 6th of April, 1903, the motion was argued and denied, with $5 costs.   This is an appeal from the judgment entered "on April 3, 1903, for twenty dollars damages and five dollar costs, making a total of $25," and it also declares that the defendant is subject to arrest.

The appellant claims that the order of the court opening the default was not duly entered and served upon him.   We are not aware of any provision of law or practice in the Municipal Court requiring an order of a judge's decision to be entered or served.   The memorandum of the judge is usually indorsed on the papers, and when that is done it is sufficient notice of his decision.   The defendant was at liberty to enter and serve an order, but, as he didn't do it, he cannot now be heard to complain that the plaintiff did not.

The appellant also claims that, the action being by a female domestic, no body execution can be executed against the defendant. Section 274 of the municipal court act (Laws 1902, p. 1569, c. 580) provides that "in an action brought in the Municipal Court by a journeyman, laborer or other employee whose employment answered to the general description of wage earners for services rendered or wages earned in such capacity, if the plaintiff recovers a judgment

for a sum not exceeding fifty dollars * * * the clerk must upon the application of the plaintiff issue an execution against he person of the defendant. * * *" It is the policy of the law to give the wage earner ample means to enforce the payment of his wages. The section referred to provides that no property of the defendant is exempt from levy and sale, and it is the duty of the court to construe the statute so as to meet the mischief which the law was intended to remedy. Upon a fair construction of the statute, we fail to see why a domestic servant is not within its protection. She is certainly an employé and works for wages, and there does not appear to be any good reason for depriving her of the protection accorded to other wage earners. The word "wages" is discussed in Matter of Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489, and it is therein stated that it applies to payment of laborers, mechanics, and domestic servants. In Garden v. Jennings, 9 Q. B. Div. 45, the court said, "The term 'wages' is not applied to the remuneration of a high or important officer of the state, but to that of domestic servants, laborers, and persons of similar description."

The defendant also asks a reversal of the judgment on the ground that, a motion having been made and granted to open the default, a new inquest should have been taken, and cites Barkin v. Rosenbach, 25 Misc. Rep. 780, 55 N. Y. Supp. 628, and Farber v. Flauman, 30 Misc. Rep. 627, 62 N. Y. Supp. 784, as authorities for his proposition. Those cases differ from the case at bar, and do not apply. The latter case merely relates to costs imposed as a condition of granting an adjournment, and holds that a failure to pay them does not prevent the defendant from taking part in the trial on the adjourned day. In the former case there was an absolute vacation of the judgment upon consent of attorneys, who announced themselves ready to go to trial; no condition whatever was imposed for opening the default and setting aside the judgment. In the case at bar the opening of the judgment was conditional upon the payment of costs.

The judgment must be affirmed, with costs. All concur.