THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of JUDITH FURNICE, Complainant, *v.* EDWARD M. GARLOCK, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, First District, April 6, 1939.

*Finkelstein & Finkelstein,* for the complainant.

*Alexander Bloch,* for the defendant.

AURELIO, C. M. The complaint charges a violation of section 1272 of the Penal Law. As far as it is relevant to the instant prosecution the section provides: " Each person * * * carrying on a business * * * who does not pay the wages of all his * * * employees in accordance with the provisions of the Labor Law, is guilty of a misdemeanor."

The evidence before me establishes that the defendant, an attorney and counselor at law, failed to pay the complainant several weeks' salary for services which she performed as a stenographer in his law office. Defendant denies this indebtedness. The complainant contends that the failure to pay such wages constitutes a misdemeanor as comprehended within the meaning and intent of the specific provision of the Penal Law herein relied upon.

As I view it, the defendant's main contention goes along the line that section 1272 is correlative and supplemental to the penal provision, limited in scope and application by the Labor Law provisions which are sought to be incorporated therein. If this is true, the defendant would contend, then a stenographer is not an " employee " as contemplated by the definition of that term in subdivision 5 of section 2 of the Labor Law. And this would be so, because that subdivision states: " ' Employee ' means a mechanic, workingman or laborer working for another for hire;" and the courts have held that a stenographer does not come within the defined classes. (See *People* v. *Interborough Rapid Transit Co.*, 169 App. Div. 32; *Matter of Stryker*, 158 N. Y. 526.)

From a close study of the language employed in section 1272 I am of the opinion that it is a penal provision which — though not entirely separate and distinct from the Labor Law — relates to the latter in only one particular. The interrelation between section 1272 and the Labor Law occurs on the subject-matter of the method of payment of wages, as prescribed in subdivision 2 of section 196 of the Labor Law, which reads as follows: " Every person carrying on a business by lease or otherwise, shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment;" and section 195, which carries the catch-line, " Cash payment of wages." This must be so because section 1272 expressly declares: " Each person * * * who does not pay the wages of all his * * * employees in accordance with the provisions of the Labor Law * * * is guilty of a misdemeanor." It will be noticed that payment in accordance with the provisions of the Labor Law is the very nub of the penal provision upon which the complainant relies. And it clearly appears that the intention of legislative action is to compel payment of wages in the method and manner as prescribed in the two Labor Law provisions hereinbefore referred to.

Some consideration must be given to the meaning of the word " employees " as used in section 1272. The word is not defined in the Penal Law; nor does section 1272 incorporate, by reference or otherwise, the definition of " employees " as contained in subdivision 5 of section 2 of the Labor Law. In the absence of clear language to the contrary, I am impelled to the conclusion that section 1272 cannot relegate to itself the definition of the word " employees " as set forth in the Labor Law. That is, the word " employees " must be given its ordinary and common connotation. If the Legislature had intended to limit the meaning of the word in the penal provision to the definition of that term as specifically limited in the Labor Law it could easily have said so. It would,

indeed, require a strained construction to hold that the word " employees," as used in section 1272 — especially by its circumstance of being significantly qualified by the word " all "— is governed by the definition of that word as limitedly used in the Labor Law.

The defendant has also urged upon this court the further contention that the practice of law is not " a business." Resultingly, the relationship of attorney-stenographer is not embraced within the purview of section 1272 of the Penal Law. To dispel the nubilous, I am inclined to the belief that to practice law is, indeed, to practice a profession; however, in doing so one carries on a business. That the Legislature so intended is evidenced by the various sections in article 24 of the Penal Law, captioned " Attorneys," which speak of " legal business " and of the " business to practice as an attorney-at-law " (§ 271). Reference to the legal pursuits as a " business " is a matter of frequent occurrence in the aforenoted article, to wit, sections 270, 270-a, 270-c, 270-d, 271, 280. And see *Matter of Ariola* (252 App. Div. 61 [1937]).

The defendant, therefore, is held to await the action of the Court of Special Sessions.