THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED GRASS, Appellant. (Two Cases.)

First Department, May 5, 1939.

*George A. Hopkins* of counsel [*Edward Norwalk* with him on the brief; *Peirce & Hopkins,* attorneys], for the appellant.

*Whitman Knapp, Deputy Assistant District Attorney,* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

COHN, J. The complaining witnesses, Alexander Fox and Bernard Friedman, were employed by the Manhattan Lithograph Company, Inc., during the month of September, 1938, at a weekly compensation of thirty-five dollars. Friedman was working as production manager, and Fox was known as contact man, salesman and estimator. They were discharged on September 30, 1938. It is claimed that the wages of each, due for the two preceding weeks, amounting to seventy-five dollars, had not been paid. For the corporation's alleged failure to pay these wages in the manner provided by the Labor Law, defendant, who is the president of the corporation, has been convicted.

On September 15, 1938, the corporation filed a petition in the United States District Court under section 77B of the United States Bankruptcy Act (U. S. Code, tit. 11, § 207) for its reorganization and an order of liquidation was granted. Friedman and Fox each filed a proof of claim for wages (a preference claim) in the District Court. Following a hearing, the referee found that each was entitled to receive only forty dollars. That this sum adjudged due to each complainant was thereafter paid, has not been denied. There was evidence, however, that during the month of September the salaries of these two employees were not paid by the corporation as required by the Labor Law, namely, at the end of each work week. We find no proof to support the claim that defendant, as president of the corporation, was personally responsible for such omission.

The informations, identical in form except as to the names of the complainants and the dates, accuse the defendant of violating the Labor Law as follows: " The said defendant, from on or about the

12th day of September, 1938, to on or about the 30th day of September, 1938, at the City of New York, in the County of New York, being then and there the president of a certain corporation called *Manhattan Lithograph Company, Inc., which was then and there engaged in carrying on a business, to wit, lithographing,* having in *his* employ one, Alexander Fox, unlawfully did fail and neglect to pay to such employee the wages earned to a day not more than six days prior to the date of such payment." (Italics ours.)

Section 1272 of the Penal Law, which describes the offense, reads as follows: " Payment of wages. Each person, copartnership, corporation or joint-stock association carrying on a business by lease or otherwise, who does not pay the wages of all his or its employees in accordance with the provisions of the Labor Law is guilty of a misdemeanor, and upon conviction therefor, shall be fined not less than one hundred nor more than ten thousand dollars for each offense."

The provision of the Labor Law apposite provides: " Every person carrying on a business  *  *  *  shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment." (Labor Law, § 196, subd. 2, as amd. by Laws of 1935, chap. 619.)

The Labor Law defines an " employee " as a mechanic, workingman or laborer working for another for hire (§ 2, subd. 5), and a " person " includes a corporation or a joint-stock association (§ 2, subd. 8).

Under these statutes if a person or a corporation carrying on a business fails to pay weekly on the due date, wages to employees, such as mechanics, workingmen or laborers, the person, corporation or other entity conducting the business is guilty of a misdemeanor. However, an officer of a corporation may not be held criminally responsible for a corporation's omission or failure to pay, as directed by the statute, the wages of its employees unless, at least, there is proof that such officer aided or abetted in the commission of the offense. In this case there is no such evidence. The information here alleges that the corporation was carrying on the business of lithography. It makes no charge that defendant was doing so nor does the proof establish that defendant was in fact conducting the enterprise.

The purpose of section 196 of the Labor Law is to assure to employees working for another for hire, at regular intervals, prompt and expeditious payment of the wages they are entitled to receive and the statute should be liberally interpreted to attain that end. (*Austin* v. *City of New York,* 258 N. Y. 113, 117.) Contracts in

contravention of this provision of the Labor Law are illegal and void. (*N. Y. C. & H. R. R. R. Co.* v. *Williams*, 199 N. Y. 108; judgment based thereon affd., 233 U. S. 685; *Opinions of Attorney-General*, 1913, pp. 165, 585; Id. 1930, p. 399.)

The Penal Law makes a violation of this section of the Labor Law a misdemeanor. No such crime existed at the common law. The offense is not *malum in se* but *malum prohibitum*. The Court of Appeals has held that such a prohibitive statute should be strictly construed. (*People* v. *Taylor*, 192 N. Y. 398, 400; *People* v. *Werner*, 174 id. 132.) The Penal Law cast no obligation upon defendant to pay the salaries of the corporation's employees nor did it impose upon defendant any duty with respect to the time or method of payment. The record is barren of proof that, as president of the corporation or acting in any other capacity, defendant aided or abetted in the commission of the misdemeanors charged, or that he counseled, commanded or induced their commission. In the circumstances, he could not properly be adjudged guilty of the offenses.

By section 1272 of the Penal Law it is specifically provided that upon conviction thereof there shall be a fine of not less than $100 nor more than $10,000 for each offense. No other penalty is prescribed. The court improperly imposed on defendant a sentence of twenty days in the workhouse. That this was unauthorized, the district attorney now frankly concedes. Section 1937 of the Penal Law, which provides punishment of misdemeanors generally when not otherwise specifically prescribed, has no application here.

As we have, for the foregoing reasons, reached the conclusion that the judgments against this defendant were erroneous, it is unnecessary to consider the question as to whether the two complaining witnesses were, in fact, employees earning a wage within the meaning of the Labor Law.

The judgment of conviction in each case should be reversed, the informations dismissed, and the defendant discharged from custody.

GLENNON, UNTERMYER and CALLAHAN, JJ., concur; MARTIN, P. J., concurs in result.

Judgments unanimously reversed, the informations dismissed and the defendant discharged from custody.