THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. EUGENE J. ROWAN, Defendant.

City Magistrate's Court of New York, Yorkville Court, Borough of Manhattan, November 27, 1942.

*Harry Gittelson* for complainants.

*Owen McGivern* for defendant.

HOPPIN, C. M.   The defendant is charged, as president of Rowan Associates, Inc., with a violation of section 1272 of the Penal Law (Cons. Laws, ch. 40), in that he permitted the corporation to violate the appropriate provisions of the Labor Law (Cons. Laws, ch. 31) by failing to pay wages due the complainants.

It appears that the complainants were engaged by the Rowan Associates as efficiency engineers to do certain work connected with the aforesaid corporation which was organized for the purpose of engaging in the business of industrial management and consulting engineering.

The testimony discloses that each of the complainants did specialized work. Further, they were carried on the books as engineers. Thereafter, and for some time after their retainer, the aforesaid corporation became bankrupt. Prior to that time, however, the defendant had paid out of his own pocket the salary checks of the complainants.

Section 1272 of the Penal Law (as amd. by L. 1941, ch. 809, effective July 1, 1941) provides: " Each person, copartnership, corporation or joint-stock association carrying on a business by lease or otherwise, who does not pay the wages of all his or its employees in accordance with the provisions of the labor law is, and the officers of any such corporation who knowingly permit the corporation to violate the labor law by failing to pay the wages of any of its employees in accordance with the provisions thereof are, guilty of a misdemeanor  *  *  *."

The sole question to be determined is whether the complainants are employees within the spirit and intent of the applicable provisions of the present Labor Law. Section 196 of the Labor Law provides when wages are to be paid to an employee.

Prior to the amendment to section 1272 of the Penal Law, there was some doubt as to whether an officer of a corporation might be convicted under its provisions. (See *People* v. *Grass*, 257 App. Div. 1.) The court there stated that no such crime existed in common law and therefore the offense is not *malum in se*, but *malum prohibitum*; consequently the statute was to be strictly construed and, in the absence of any proof that the officer of the corporation aided and abetted in the misdemeanor charged, he could not properly be adjudged guilty. Because of that conclusion, the question as to whether the complaining witnesses, who were working as production manager and contact man, were in fact employees earning wages within the meaning of the Labor Law, was not considered.

The decision which is most frequently cited as a definition of the class of employees encompassed within the provisions of the Labor Law is *People* (*Furnice*) v. *Garlock* (170 Misc. Rep. 686). Although the defendant was held for trial in Special Sessions, a demurrer which was interposed in that court was sustained and, on appeal by the District Attorney from that ruling it was affirmed. (260 App. Div. 919.) The employee in that case was a stenographer who was employed by a lawyer.

The Labor Law was enacted by chapter 415 of the Laws of 1897, and the Penal Code was amended relative to violations of provisions of the Labor Law by section 3 of chapter 416 of the Laws of 1897 which enacted section 384-i thereof, providing:

" § 384-i. Payment of wages. A corporation or joint stock association or a person carrying on the business thereof, by lease or otherwise, who does not pay the wages of its employes in cash, weekly or monthly as provided in article one of the labor law, is guilty of a misdemeanor * * *."

Chapter 205 of the Laws of 1909 enacted section 1272 of the Penal Law substantially as it existed until the amendment effective July 1, 1941.

Obviously these provisions were correlative and indicated a definite legislative intent. That, of course, was to protect the class of persons who came within the safeguards of the Labor Law.

It is apparent that the statute does not protect merely employees; it relates to wages of employees. Therefore, it is not enough to be an employee; the individual must also receive wages.

" Wages " has been defined universally as payment made for manual labor, or other labor of menial or mechanical kind, as distinguished from salary or fee. It conveys the idea of subordinate occupation which is not very remunerative, of not much independent responsibility, and subject to immediate supervision. (See *Matter of Stryker*, 158 N. Y. 526; *Greenberg* v. *Laeov*, 84 N. Y. Supp. 930; *Gordon* v. *Jennings*, 9 Q. B. Div. [1881–1882] 45; *MacGregor* v. *Johnson-Cowden-Emmerich, Inc.*, 26 Fed. Rep. [2d] 311.)

In *Austin* v. *City of New York* (258 N. Y. 113) Judge CARDOZO said (at p. 116): " We said in the *Stryker* case that the dominant word in that statute was ' wages.' The question we put to ourselves was this: Did the claimant get a salary, or was he paid at a rate and in an amount that would be characterized as a wage? If what he got was a wage, he was within the equity of the preference; if what he got was a salary, he would be held to be without it."

In *Matter of Wright Metal, Inc.* (283 N. Y. 47), the Court of Appeals, in holding that a superintendent of a factory was not an employee within the provisions of section 196 of the Labor Law, stated that, except in situations provided for in the " New York State Labor Relations Act " contained in article 20 of the Labor Law, an employee in the sense of the statute means a " mechanic, workingman or laborer who works for another for hire."

From an analysis of the facts in this case and the law as hereinabove stated, the amounts owed the complainants were not wages within the definition of the Labor Law. The nature of

the work performed by the complainants was of a highly technical character and its very description indicates that it was not being performed by an "employee" within the definition of section 2, subdivision 5, of the Labor Law. Compensation received, or to be received, by them was obviously not wages. The summons therefore is dismissed.