Cohn, J.
This action is brought by plaintiff, a barbers’ union, against defendant, the proprietor of a barber shop, to recover the sum of $68, which amount represents an initiation fee of $25 and three months’ dues in the sum of $9 for each of two nonunion employees. Plaintiff claims that the specified sums should have been deducted by defendant from the wages of those men pursuant to the terms of a so-called “ closed shop ” union contract.
On December 10, 1941, the parties entered into a contract wherein, defendant agreed to employ members of the union in good standing; in turn the union agreed that if it could do so, it would furnish defendant with journeymen barbers. Article 5 of the contract provides that if the union is unable to supply barbers the defendant may thereupon engage nonunion help and that such outside journeymen barbers shall immediately apply for union membership. In the event the applications for union membership are disapproved, the defendant is then required to terminate the employment of the nonunion men.
Article 6(d) contains the following provision, commonly referred to in labor circles as a “ check-off,” which forms the basis of this action: “ The Proprietor agrees to deduct, on or before the first day of each and every month during the term of this agreement, from the salary due each barber employee, whether or not such employee is a member of the Union, the monthly dues, the amount of which the Proprietor admits having knowledge of, and such other amounts which the Union shall, by written notice, certify to the Proprietor as due from such employee, and immediately transmit said amount to the authorized Union representative for remission to the Union.”
While the contract was in effect defendant applied to the union for union barbers but was informed that none was available. Defendant was told by the union to “Do the best you can.” Thereafter he engaged two nonunion barbers. Although defendant requested the two nonunion employees to join the union, they refused and threatened to quit if he insisted that they do so. They never authorized defendant to make any deductions from their wages.
*216 The. complaint in the present action avers the making of the contract; it also alleges that between April and July, 1944, the defendant had in his regular employ two journeymen barbers; that defendant in violation of the terms of his agreement with plaintiff failed to deduct $18 dues for that period and initiation fees of $50 and neglected to transmit these sums to plaintiff. Judgment for $68, with interest, is demanded based on,defendant’s breach of his contract with plaintiff.
The learned Municipal Court Justice who presided at the trial of the action, in granting judgment for plaintiff, held that the contract between the parties was not illegal and that it did not contravene the provisions of the Labor Law (§§ 195-197). The Appellate Term, with one justice dissenting, reversed the judgment and dismissed the complaint.
We are of the opinion that the contract is valid and enforcible. We concur in the view of the dissenting justice at the Appellate Term that the “ check-off ” provision does not contravene any statute. As the deductions here were to be made, not for the benefit of the employer, but for the benefit of the union, sections 195 to 197 of the Labor Law and section 1272 of the Penal Law have no application. In essence these sections prohibit deductions from wages for the benefit of the employer and are designed to assure to employees prompt payment of their wages. (People v. Grass, 257 App. Div. 1, 3; 1936 Atty. Gen. 276 et seq.) Section 195 of the Labor Law provides for payment of wages in cash; section 196 requires employers to make prompt payment of wages as earned. Section 197 of the statute declares invalid the assignment of future wages when such assignment is intended to relieve the employer from the payment of wages as provided in sections 195 and 196. The contract between employer and union does not violate any one of the three provisions of the Labor Law.
The nonunion employees had no basic right to employment in defendant’s “ closed shop.” If they did not join the union, it was the contractual obligation of the employer to discharge them. As he chose to retain them, he became obligated by virtue of his agreement with the union to employ them under the same conditions as union employees and he became responsible for payment to the union of their initiation fees and dues. For failure to make arrangements with his nonunion employees to permit the deduction of these charges from their wages, as defendant had agreed to do in his contract with the union, he thereby became liable to plaintiff for the amount of the initiation fees and dues certified by the union. The Municipal Court was right in granting judgment for plaintiff.
*217 The determination of the Appellate Term should be reversed and the judgment of the Municipal Court in favor of plaintiff affirmed, with costs to the plaintiff in this court and in the Appellate Term.
Townley and Glennon, JJ., concur; Martin, P. J., and Dore, J., dissent and vote to affirm.
Determination of the Appellate Term reversed and judgment of the Municipal Court affirmed, with costs to the plaintiff in this court and in the Appellate Term. Settle order on notice.