THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. D. H. AHREND Co., INC., Defendant, and HERBERT AHREND, Appellant.

Argued December 2, 1954; decided December 31, 1954.

*Philip I. Delfin* for appellant.   I. The People have failed to establish the guilt of defendant beyond a reasonable doubt. (*People* v. *Grass,* 257 App. Div. 1; *People* v. *Rowan,* 179 Misc. 225; *People* v. *McHugh,* 271 App. Div. 135; *People* v. *Moore,* 142 App. Div. 402; *Matter of Avon Bar & Grill* v. *O'Connell,* 276 App. Div. 517; *People* v. *Liquorman,* 171 Misc. 535; *Houlihan* v. *Selengut,* 175 Misc. 854; *People ex rel. Price* v. *Sheffield Farms-Slawson-Decker Co.,* 180 App. Div. 615, 225 N. Y. 25; *People* v. *Primrose Wet Wash Laundry Co.,* 256 App. Div. 1088; *People* v. *Harrison,* 183 App. Div. 812.)   II. The imposition of a fine of $5,000 or one year in jail, with the alternative of paying $5,000 in certain installments to the Department of Labor, was excessive under the circumstances.   (*People* v. *Abel,* 279 App. Div. 623; *People* v. *Buckner,* 276 App. Div. 900; *People* v. *Dudgeon,* 270 App. Div. 1032; *People* v. *Stein,* 279 App. Div. 1048, 280 App. Div. 176.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Wendell P. Brown* of counsel), for respondent.   I. Violations of the Labor Law are malum prohibitum and intent is not an element of the offense or a form of defense.   (*People ex rel. Price* v. *Sheffield Farms-Slawson-Decker Co.,* 225 N. Y. 25; *People* v. *Taylor,* 192 N. Y. 398; *People* v. *Primrose Wet Wash Laundry Co.,* 256 App. Div. 1088; *People* v. *Knapp,* 206 N. Y. 373; *People* v. *Grass,* 257 App. Div. 1; *Matter of McKinney* v. *Hamilton,* 282 N. Y. 393.)   II. The sentence was fair, moderate and in the interests of justice.   (*People* v. *Rytel,* 284 N. Y. 242; *People* v. *Collins,* 271 App. Div. 511; *People* v. *McDowell,* 279 App. Div. 943; *People* v. *Kienast,* 279 App. Div. 943.)

*Per Curiam.*   If this appellant, who was not only an officer, but the sole active manager and actual owner of this corporation, did not " knowingly permit " his corporation to fail to pay its workmen's wages, then it is hard to see how anyone could, as an officer, violate section 1272 of the Penal Law.   " Knowingly " (see Penal Law, § 3, subd. 4) means merely a knowledge of the existence of the facts constituting the crime.   To " permit " means to allow to happen, to fail to prevent (see *Cowley* v. *People,* 83 N. Y. 464; *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25, 31).   Certainly, defendant knew the workmen were not paid, and he permitted it in the sense that, knowing

that fact, he did not prevent its occurrence. We think the true meaning of the statute is this: the corporation itself is, *ipso facto,* criminally liable for failure to pay, but of its officers, those only are punishable who stand in such a relation to the corporation's affairs that they actually know of the nonpayment. The purpose is to exculpate nominal officers or any others who are not actually in touch with the corporate financial affairs.

The judgment should be affirmed.

VAN VOORHIS, J. (dissenting). Subdivision 2 of section 196 of the Labor Law requires every person carrying on a business to pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment. Violation of this statutory duty is made a misdemeanor by section 1272 of the Penal Law. In the case of officers of a corporate employer, it was held in *People* v. *Grass* (257 App. Div. 1) that liability does not attach unless an officer has aided and abetted the corporation in committing this violation of the Labor Law. By chapter 809 of the Laws of 1941, however, section 1272 of the Penal Law was amended by adding a substantive clause that " the officers of any such corporation who knowingly permit the corporation to violate the labor law by failing to pay the wages of any of its employees in accordance with the provisions thereof " are also guilty of a misdemeanor. Two of the Justices who sat at the Appellate Division dissented from an affirmance of the conviction of appellant, an officer of a corporation which violated this duty, " on the ground that the People failed to establish beyond a reasonable doubt that the individual defendant ' knowingly ' permitted the corporation to violate the Labor Law by failing to pay the wages in question."

The ground thus stated by the dissenting Justices at the Appellate Division is persuasive. The conviction of appellant can only stand if subdivision 2 of section 196 of the Labor Law and section 1272 of the Penal Law, read in conjunction with each other, are construed to render this crime malum prohibitum in the case of an officer as well as in that of a corporate employer. Under the ruling in *People* v. *Primrose Wet Wash Laundry Co.* (256 App. Div. 1088), an individual employer or a corporate employer would be liable in event of neglect to pay wages earned within six days, regardless of any knowledge or intent. When

it came to imposing liability for this offense upon individual officers, however, the Legislature was less drastic. It made them subject to punishment only if they "knowingly permitted" the corporation to fail to pay wages earned more than six days previously. "A person permits an act when he does not prevent it, although within his power and duty, or by actually doing it himself." (*People* v. *Knapp*, 206 N. Y. 373, 381, 384.) We may assume that appellant had power to prevent the employment of these wage earners, inasmuch as he was president of the company. He evidently lacked power to keep them from going unpaid after their wages had been earned, inasmuch as the corporation was without funds. Assuming that the criminal default lay in permitting these persons to work for this corporation during the period for which their wages are in arrears, it follows that appellant would be liable for permitting them to do so except for legislative use of the word "knowingly". It was not necessary that appellant have knowledge of the unlawfulness of the act or omission, but subdivision 4 of section 3 of the Penal Law does require that before he can be convicted he must know that the facts exist which constitute the act or omission a crime. In this instance, that meant that appellant would have had to have known that these employees were not going to be paid while they were working for this corporation. The word "knowingly" signifies more than mere carelessness, but guilty knowledge, or evil or fraudulent intent (*People* v. *McHugh,* 271 App. Div. 135; *People* v. *Moore,* 142 App. Div. 402). The use of that word in this statute signifies that a purposeful omission in paying these wages had to be established by the People before a misdemeanor by an officer could be made out. This is more than the usual malum prohibitum statute. Since it is a criminal action, the defendant had to be proved guilty beyond a reasonable doubt. It was not enough to convict of this misdemeanor to establish that the employees of this corporation were not paid during this period. The burden of proving that appellant knowingly permitted them to go unpaid rested upon the People. The burden did not shift to the defendant to establish that default in payment was compelled by circumstances beyond his control. It was incumbent on the People to show that he knew that they were not going to be paid while he was permitting them to work for this corporation.

Not only is there no evidence of this essential fact, but the People's case tended to indicate the opposite. It was proved that the corporation had been doing business on working capital financed through a factor for about a year and a half before this incident occurred. The factoring agreement had no specific expiration date and, according to the testimony of the factor's president, his firm suddenly stopped factoring appellant's corporation during the latter part of August, 1951, which was the precise time charged in the information when appellant's corporation neglected to pay its employees. There is no testimony that previous notice had been given that this factor intended to discontinue the practice of financing this small business, nor is there reason to assume that appellant failed to rely upon the continuance of this method of financing, or that he learned of the factor's change in lending policy until these wages had fully accrued. If the officers are guilty of a misdemeanor whenever a corporation that is operating with borrowed capital on a narrow margin encounters financial difficulty, the Legislature should say so in plainer terminology.

The judgment appealed from should be reversed, and the information dismissed, in view of the absence of proof that appellant permitted these employees to work for this corporation with knowledge that their wages would not be paid.

LEWIS, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., dissents in an opinion in which CONWAY, J., concurs.

Judgment affirmed.