Francis J. Donovan, J.
The court has carefully considered this matter and examined the law and incorporated its conclusions in a formal opinion because it has been noted that the same form affidavits are used as a matter of eourse in the filing of complaints against corporate officers in this court. The decision will affect a substantial number of cases involving nonpayment of wages by corporate employers.
The defendants are charged with having violated subdivision 2 of section 196 of the Labor Law, as implemented by section 1272 of the Penal Law, by failing to pay wages of employees. The information was executed by an investigator of the Department of Labor, and comprises three counts. In each count, the inspector states ‘ ‘ that the source of this information and of his knowledge of the facts herein stated is derived from the affidavits of ” — (affidavits are by several employees and are annexed to the information). Decision was reserved on the motion to dismiss the information for insufficiency, as against the individual defendants, Arthur J. Sumyak and William Sumyak.
It has been held that an officer of a corporate employer may not be adjudged guilty of such a violation in the absence of proof that the officer aided in the commission of the misdemeanor *93 (People v. Rowan, 179 Misc. 225; People v. Grass, 257 App. Div. 1).
An information charging a misdemeanor may be predicated on information and belief. In such case, the statement of the witness must be annexed to the information {People v. Bertram, 302 N. Y. 526). It follows that the conclusory allegations of the information must find support in the affidavits of the witnesses.
In this case, the information by the investigator charges in conclusory form that the individual defendants were active in the business of the corporate defendant in that they hired, paid and supervised the work of the employees and did other acts necessary to conduct the business of the corporate defendant. This bald conclusion is not supported by anything in the witnesses’ affidavits.
The only statement relating in any way to the individuals is the statement of the several witnesses that demand for payment of the wages was made by them upon the individual defendants, and that they knew the individual defendants to be the president and secretary and vice-president, respectively, of the corporation. This falls far short of supplying facts upon which the conclusion of the investigator could reasonably be predicated. The information is insufficient for failure to allege facts showing any personal participation by the individual defendants in the commission of the misdemeanor charged (People v. Zambounis, 251 N. Y. 94).
The information is dismissed as against Arthur J. Sumyak and William Sumyak.