THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CYRIL JAMES FERNANDEZ, Defendant.

City Court of the City of Port Jervis, Orange County, July 5, 1962.

*William L. Race* for plaintiff.   *Cyril James Fernandez,* defendant in person.

WILLIAM J. GREGG, J.   This case involves an alleged violation of section 1272 of the Penal Law of the State of New York in that it is alleged that the defendant employed one William Buchanan as manager, counterman and cook at the Admiral's Nook in the said City of Port Jervis, New York, from May 15, 1962, to and including June 30, 1962, at a weekly wage of $125 per week, payable weekly, and that the said defendant did fail to make such payments in accordance with the Labor Law of the State of New York.

The testimony of the complainant witness substantiated the claim that he was the manager of the inn or the diner in question, and that he did work for the defendant.   However, an examination of the Labor Law of the State of New York, to wit: section 196-c reads as follows:   "Every employer carrying on a business by lease or otherwise shall pay to each individual in his employ the wages and salary earned in accordance with the agreed terms of employment."   It further states:   "The wages and salary described in this section shall be deemed to be wages of employees within the meaning of this article except for purposes of sections one hundred ninety-five, one hundred ninety-six and one hundred ninety-six-a.   This section shall not apply to any person employed in a bona fide executive, administrative, or professional capacity whose earnings are in excess of one hundred dollars a week."

It is evident that by the passage of section 196-c of the Labor Law, by the Laws of 1956, effective April 11, 1956, that the Legislature intended to delete from section 196 those persons who were engaged in work that was other than manual or physical labor, such as persons having managerial, executive or administrative capacity.   In the instant case, from the testimony of the complainant witness himself in which he testified that he was employed as the manager of the diner, in which he also testified that records were kept by him such as time slips, and in view of the fact that he worked more than eight hours in a given day, leads this court to the conclusion that the facts in the instant case indicate that this complainant witness was in a bona fide administrative or executive capacity and the defendant thus cannot be found guilty of a violation of section 1272 of the Penal Law for the reason that in the instant case the wages due this complainant are not those required to be paid by the Labor Law of the State of New York, as per aforesaid section 196-c.   And for that reason this court dismisses the complaint and discharges the defendant from custody.