■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS MEYERS & SON, INC., Defendant, and TEXTILE BANKING COMPANY, INC., et al., Respondents.— REYNOLDS, J. Appeal by the People from orders of the Supreme Court, Fulton County, dismissing the entire indictment as to respondent Textile Banking Company, Inc. (Textile) and the third and fourth counts of the indictment as to Jerome Fox, President of Louis Meyers & Sons, Inc. (Meyers). The indictment charges Textile, Meyers and Fox with grand larceny, conspiracy to commit grand larceny, failing to pay wages to employees in violation of section 1272 of the Penal Law, conspiracy to violate section 1272 and 298 counts of petit larceny all arising out of the failure to pay Blue Cross and Blue Shield premiums withheld from the pay of Meyers' employees during April and May, 1963. With respect to the larceny charges against Textile, it is undisputed that the money involved was collected from the Meyers' employees and was not paid to the Blue Cross or Blue Shield and quite clear that Textile exerted substantial influence on the operations of Meyers during the period involved.

Nevertheless, there is absolutely no proof in the Grand Jury minutes which would support a finding of the requisite *mens rea* on the part of Textile to sustain a charge of larceny. There is absolutely no proof that Textile misappropriated the funds with intent to permanently deprive the Meyers' employees thereof; there is proof only that Textile felt Blue Cross and Blue Shield were in the same position as Meyers' other general unsecured creditors. As to the counts alleging violation of and conspiracy to violate section 1272, the court below quite properly dismissed them as to both Textile and Fox. Section 1272, being *malum prohibitum*, must be closely construed (*People* v. *Grass*, 257 App. Div. 1, 4). The failure to pay insurance premiums is not a failure to pay wages (*People* v. *Vetri*, 309 N. Y. 401). Order affirmed. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.