OPINION OF THE COURT
William D. Friedmann, J.
Plaintiff, an independent sales representative, under an oral agreement with the defendant Worldly Possessions, Inc., seeks recovery of commissions, from defendant Bart Roberts.
The evidence at trial puts in focus whether one who issues his personal check, in partial payment of a corporate obligation, assumes personal liability of that obligation, and others, thereafter to the payee of the check?
*830 That question is presented in the context of essentially undisputed facts.
Defendant Roberts, newly associated, in some vague way, with defendant Worldly Possessions, Inc., executed and delivered to plaintiff his personal check, dated April 21,1976, in the amount of $1,763.68, for sales commissions due to the plaintiff by the defendant Worldly Possessions, Inc. The personal check had the following legend written on its face: “Comm. Worldly Possessions — Jan., Feb., Mar ’76.” It was indorsed on the rear by the plaintiff, “Pd. partial Bal Due $1,659.15 For Deposit only”. Thereafter, Roberts, with no designation of title or authority, signed a check dated June 4, 1976, drawn upon Worldly’s account, payable to the order of the plaintiff, in the amount of $4,829.54. That check bore the legend “Commission” on its face. Both checks failed to clear the collection process. Subsequently, plaintiff brought this action against Roberts, David Rubinstein (the corporate defendant’s president, director and shareholder), and Worldly Possessions, Inc. (only Roberts was served). It was undisputed at trial that both checks were tendered to cover sales commissions due and owing to plaintiff by Worldly Possessions, Inc. The testimony of Roberts, that he was only an employee and at no time was a shareholder, officer or director of Worldly Possessions, Inc., was uncontroverted.
At the conclusion of trial, memoranda were requested concerning plaintiff’s position that Roberts was personally responsible for what appeared to be a corporate obligation owed to plaintiff.
POSTTRIAL — CONTENTIONS OF THE PARTIES
In seeking to establish Roberts’ personal liability plaintiff contends: (1) that Roberts’ personal check, supported by other facts and circumstances, created a new contractual duty (novation), rendering Roberts liable for his checks’ dishonor; (2) the previously existing consideration by plaintiff to Worldly Possessions, Inc., was sufficient to hold Roberts liable for the dishonored personal check; and (3) Roberts was criminally liable for violation of section 198-a of article 6 of the New York State Labor Law. (Payment of wages.)
*831 In denying personal liability Roberts contends: (1) the acceptance of his personal check by plaintiff did not immediately discharge the previously existing contractual obligation of the corporate defendant; (2) that there was no intention to substitute a new personal for an old corporate obligation, inasmuch as the holder of the negotiable instrument (here plaintiff) knew the actual status of Roberts, as an individual party signing on behalf of and in payment of a corporate obligation. That in such circumstances the individual maker of the check may not be held liable on the instrument; (3) that failure of consideration for the making of a negotiable instrument is a defense, where the underlying obligation Remains unextinguished; and (4) section 198-a of the New York State Labor Law does not apply to “non”-employ ees. Plaintiff was an independent sales representative.
NOVATION
Whether the tender and acceptance of Roberts’ personal check and a second corporate check, signed by Roberts, in the context of the circumstances existing, constituted a valid novation is the issue under consideration.
A “novation” is a contract which works as an immediate discharge of previously existing contractual duty. It creates a new contractual duty and includes as a party to the new contract one who was not entitled to receive, nor obliged to perform, the previous contractual duty.
Component parts of a novation are: (1) mutual assent; (2) immediate discharge of the old obligation; (3) consideration; and (4) presence of a new party. (See 42 NY Jur, Novation, §§7-16.)
When examining the contentions of the parties, and novation requirements, with the evidence at trial, this court concludes that the only novation requisite which was clearly demonstrated was (4); presence of a new party (Roberts). The other requisites were not so clearly presented and must be examined further. (1) Mutual Assent: Like in all contracts, a contract of novation requires the real or reasonably apparent consent of, or subsequent ratification by, the parties involved in the substitution of the subsequent agreement for the old. Assent is a factual *832 determination to be drawn from an examination of the intentions of the parties, as expressed by the testimony and existing documentation. (Goldbard v Empire State Mut. Life Ins. Co., 5 AD2d 230; Kinsella v Merchants Nat. Bank & Trust Co. of Syracuse, 34 AD2d 730.)
Examination into this aspect leaves no doubt that both Roberts and plaintiff knew, and intended that, Roberts was only covering part of a corporate obligation as a temporary accommodation by tendering his personal check, in partial payment of a pre-existing sales commission account, owed to plaintiff by the corporate defendant, with the balance of that account remaining as a corporate obligation.
Roberts spelled out the nature and purpose of his advance when he indorsed upon the face of his personal check “Comm. Worldly Possessions — Jan., Feb., Mar’76”.
Plaintiff, on the same check, acknowledged the purpose of the payment and the continuing contractual duty of the corporate defendant when he indorsed the rear of the check as follows: “Pd. partial Bal Due $1,659.15 For Deposit only”. There was no testimony that Roberts obligated himself to assume and cover this “Balance Due”. Any doubt with respect to this was removed when plaintiff subsequently accepted the corporate defendant’s check to cover payment in satisfaction of the balance due on his open commission account. (2) Immediate discharge of the old obligation: Until the old pre-existing corporate obligation is absolutely discharged there is no novation (Albert v Parking Stas, of N. Y., 260 NY 532). A conditional or qualified discharge is not sufficient. Plaintiff’s qualified indorsement on the rear of the personal check, stating that the balance due (open commission account) from the corporate defendant remained unpaid, and that, thereafter, plaintiff continued to sue the corporate defendant (original and amended complaints), reasonably implies that the plaintiff did not intend to immediately discharge the corporate defendant; that any acceptance of Roberts’ personal check in payment of part of the defendant’s obligation was conditional, and did not extinguish the open account corporate obligation. (3) Consideration: Either a valid consideration or a legal substitute for consideration must be present to render a contract of novation binding. Taking an *833 instrument in payment for an antecedent claim against another can constitute value and consideration. However, in order to qualify Roberts’ personal check, as payment for the antecedent claim owed plaintiff, it must have been accepted by plaintiff in payment unconditionally and without reservation. (Squillante & Fon sea, 2 Law of Modern Commercial Practices [rev ed], § 522, pp 60-64.)
It is clear from examining the personal check, and subsequent events, that it was not tendered nor accepted without reservation or qualification. Both parties, Roberts (maker) and plaintiff (payee), knew that the check was intended as an accommodation partial payment on account of a continuing corporate obligation.
LABOR LAW VIOLATION
This court has no jurisdiction to consider the imposition of criminal penalties pursuant to section 198-a of the Labor Law. Such violation concerning the payment of wages under article 6 of the Labor Law must be instituted by the Commissioner of the New York State Department of Labor, in a criminal court, and not by the wage earner in the context of a civil proceeding. (Labor Law, § 196; People v Meyers & Son, 23 AD2d 942.)
However, it should be noted, that, even if this court had jurisdiction of an article 6 violation, it would have determined, based upon the evidence, that plaintiff was not a covered person, an “employee”. Plaintiff acted as the corporate defendant’s independent sales representative or agent. Plaintiff was an independent contractor not a person earning wages. Plaintiff earned sales commissions. The targeted subject of article 6 is the payment of wages. (See People v Fernandez, 35 Misc 2d 678, involving a noneligible person engaged in a managerial, executive or administrative capacity; People v Rowan, 179 Misc 225, which involved persons engaged as efficiency engineers.)
CONCLUSION
The relationship between plaintiff and Roberts does not support a novation agreement. The complaint therefore must be dismissed as to Roberts.